### STATE v. JOHN RATCLIFF.

#### (Filed 16 June, 1930.)

**Burglary C f—In this case held: instruction that jury might convict defendant of first degree burglary or acquit him was error.**

Where in a prosecution for burglary all the evidence tends to show occupancy of the house at the time of the breaking and entering, an instruction that the jury might convict the defendant of burglary in the second degree would be erroneous, although a verdict of guilty of burglary in the second degree would stand, but where the evidence would sustain a verdict of burglary in the first degree, or of breaking and entering otherwise than burglariously with intent to commit rape or other infamous crime, or of an attempt to commit either offense, or not guilty, the defendant is entitled to have the different views arising upon the evidence presented to the jury, and an instruction that the jury might convict the defendant of burglary in the first degree or acquit him is error which is not cured by a verdict of guilty of burglary in the first degree, and a new trial will be awarded. C. S., 4640.

APPEAL by defendant from *Clement, J.,* at September Term, 1929, of ANSON.

Criminal prosecution tried upon an indictment in which it is charged that the prisoner did, about the hour of 12 o'clock on the night of 22 September, 1929, with force and arms, at and in the county of

Anson, wilfully, feloniously and burglariously break and enter the dwelling-house of one B. F. Gulledge, then and there actually occupied by the said B. F. Gulledge, "with the intent to commit the crime of rape and other infamous crimes therein, against the form of the statute in such cases made and provided and against the peace and dignity of the State."

The evidence on behalf of the State tends to show that about the hour of midnight, 22 September, 1929, some one entered the sleeping apartment of Miss Emma Gulledge, in the home of her father, B. F. Gulledge, by opening a closed but unfastened door—it may have been swollen from dampness and not entirely closed—touched her on the shoulder, awaking her out of a sleep, and ran out of the house as she screamed for her father and mother, who were sleeping in an adjoining room. A comparison of the footprints, found in connection with the crime that night and the next morning, with the footprints of the accused, together with a number of other circumstances, tended to identify the prisoner as the perpetrator of the crime. *S. v. McLeod,* 198 N. C., 649.

The defendant's evidence was to the effect that he was a family servant, and had been for eleven years, of S. M. Gulledge, brother of B. F. Gulledge, who lived on an adjoining farm; that he had worked in and around both places and had known and seen Miss Emma Gulledge from the time she was a small girl; that he would be more disposed to protect her than to harm her; and that if the tracks found about the house were his, they were made the day before while he was at work and not during the night. They were too cold to be scented by bloodhounds. His further evidence tended to establish an alibi or to show that he was asleep in his quarters on S. M. Gulledge's place.

The closing instruction to the jury, which is the subject of one of the defendant's exceptions, was as follows:

"Now gentlemen, you are to find what the facts are from this evidence. If the State has satisfied you beyond a reasonable doubt that this defendant is guilty of breaking into this house in the night time, that it was used as a sleeping apartment there and then when he broke in there he intended to commit the crime of rape, and the State has satisfied you beyond a reasonable doubt of these facts it would be your duty to convict, but if the State has not satisfied you beyond a reasonable doubt that he was the one that entered the house, if you find any one entered it, it would be your duty to acquit him."

Verdict: "Guilty as charged in the bill of indictment."

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Banks D. Thomas for defendant.*

STACY, C. J., after stating the case: In considering a case of burglary, attention should first be given to the form of the bill of indictment, which may be drawn in one of three ways: First, by charging the breaking and entry to be with intent to commit a designated felony; second, by charging the breaking and entry, and a designated felony actually committed; and, third, by charging the breaking and entry, with intent to commit a designated felony, and also charging the actual commission of said designated felony. *S. v. Allen,* 186 N. C., 302, 119 S. E., 504.

The form of the present bill follows the first method above mentioned, and under it the prisoner may be convicted of burglary in the first degree, or of burglary in the second degree, depending on whether or not the dwelling-house was actually occupied at the time, or of an attempt to commit either of said offenses, or he may be convicted of breaking or entering the dwelling-house in question, other than burglariously, contrary to the provisions of C. S., 4235, or of an attempt to commit said offense, or he may be acquitted. *S. v. Fleming,* 107 N. C., 905, 12 S. E., 131; *S. v. Spear,* 164 N. C., 452, 79 S. E., 869. It is provided by C. S., 4640, that upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime. *S. v. Brown,* 113 N. C., 645, 18 S. E., 51.

There is no evidence on the present record of burglary in the second degree as defined by C. S., 4232, unless the jury disbelieve the evidence relating to occupancy. *S. v. Alston,* 113 N. C., 666, 18 S. E., 692. All the evidence tends to show that the dwelling-house was actually occupied at the time of the alleged offense. Hence, under these conditions, according to our previous decisions, an instruction that the jury may render a verdict of burglary in the second degree, "if they deem it proper to do so" (C. S., 4641), would be erroneous, though a verdict of burglary in the second degree, if returned by the jury, would be permitted to stand, such a verdict, under the circumstances, being regarded as favorable to the prisoner. *S. v. Fleming, supra; S. v. Alston, supra.* This may seem somewhat illogical, in view of C. S., 4640 and 4641, nevertheless it is firmly established by a number of decisions, and the prisoner is not now challenging the correctness of these decisions.

But where it is permissible under the indictment to convict the defendant of a less degree of the same crime, or of an attempt, as illustrated

by numerous decisions, and there is evidence tending to support a milder verdict, the prisoner is entitled to have the different views, arising on the evidence, presented to the jury under a proper charge, and an error in this respect is not cured by a verdict convicting the defendant of the highest offense charged in the bill of indictment, for, in such case, it cannot be known whether the jury would have rendered a milder verdict, if the different views, arising on the evidence, had been correctly presented. *S. v. Newsome,* 195 N. C., 552, at page 566, 143 S. E., 187.

It was error, therefore, in the instant case to limit the jury to one of two verdicts—burglary in the first degree or not guilty. Rather it would seem that one of five verdicts, depending, of course, on the facts as established by the evidence, should have been submitted as the correct latitude: (1) Guilty of burglary in the first degree; (2) guilty of an attempt to commit burglary in the first degree; (3) guilty of breaking or entering the house in question, other than burglariously, with intent to commit rape or other infamous crime therein; (4) guilty of an attempt to break or enter the house in question, other than burglariously, with intent to commit rape or other infamous crime therein; or (5) not guilty. *S. v. Allen, supra; S. v. Spear, supra.*

Again, it may be doubted as to whether the verdict, "guilty as charged in the bill of indictment," where, under the indictment and evidence, as here, one of several verdicts may be rendered, is sufficient to support a judgment. *S. v. Ross,* 193 N. C., 25, 136 S. E., 193; *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249. But we need not determine this question, as a new trial must be awarded on other grounds.

New trial.