STATE v. JAMES SMITH.

(Filed 21 October, 1931.)

1. **Criminal Law I f—Motion to require State to elect between two crimes charged in bill of indictment held properly denied.**

   A motion, made before the introduction of any evidence, to require the State to elect between two separate counts in the bill of indictment, one charging burglary in the first degree and the other rape, is properly denied, the court not being able to intelligently pass upon the motion before knowing what the evidence would be, and the two offenses being of the same class, which under our statute, C. S., 4622, may be joined in one indictment in separate counts, it being within the sound discretion of the trial court as to whether he should compel an election between the counts and, if so, at what stage of the trial.

2. **Criminal Law I l—Where there is no evidence of commission of less degree of crime, refusal to instruct thereon is not error.**

   The provisions of C. S., 4640, in regard to conviction of a less degree of the crime charged in a bill of indictment applies only where there is some evidence that a less degree of the crime had been committed, and where the State's uncontradicted evidence is to the effect that the crime of rape had been committed and the defendant relies solely upon an alibi, the refusal of the court to charge upon the lesser degrees of the crime or of an attempt is not error.

3. **Criminal Law L e—Error, if any, in refusal to charge as to lesser degrees of burglary held harmless in view of conviction of rape.**

   Where the bill of indictment charges the defendant with burglary in the first degree and rape under separate counts, and the jury renders a·verdict of guilty as charged, on both counts, it is immaterial whether the trial court committed error in failing to charge upon the lesser degree of the crime of burglary, the verdict of guilty of rape being sufficient to support the judgment.

APPEAL by prisoner from *Cranmer, J.,* at June Term, 1931, of VANCE. No error.

The prisoner was prosecuted upon a bill of indictment in which it was charged "that James Smith on 23 May, 1931, about the hour of 9 in the night of the same day, with force and arms, at and in the county aforesaid, the dwelling-house of Benny Cross and his wife, Estelle Cross, there situate, and then and there actually occupied by the said Estelle Cross, unlawfully, wilfully, feloniously and burglariously did break and enter, with the felonious intent, her, the said Estelle Cross, a female person, violently and against her will feloniously to ravish and rape, and carnally know; and then and there in the said dwelling-house, he, the said James Smith, unlawfully, wilfully, feloniously and burglari-- ously did assault the said Estelle Cross, a female person, in the said

dwelling-house, then and there being and her, the said Estelle Cross unlawfully, feloniously and burglariously, by force and against her will, did ravish, rape and carnally know, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The jury returned for its verdict, "Guilty of burglary in the first degree and of rape." Thereupon the prisoner was sentenced to death by electrocution and from the sentence pronounced he appealed to the Supreme Court upon assigned error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*A. A. Bunn and J. M. Peace for prisoner.*

ADAMS, J. The record contains seven assignments of error, only one of which is discussed in the prisoner's brief. The fifth, sixth, and seventh are formal, and the first and third, which embody exceptions to the court's refusal to quash the indictment and to dismiss the action, are clearly without merit.

The second assignment consists of the prisoner's exception to the denial of his motion to require an election between the two counts in the bill. The ruling was correct. The motion was made before any evidence had been introduced, and at this stage the judge was not required to restrict the trial to any special count. He could not then intelligently have restricted it because he did not know what the evidence would be. *S. v. Parrish,* 104 N. C., 679; *S. v. Davenport,* 156 N. C., 596. Besides, as suggested in the first of these cases, the weight of authority has established the rule that it rests in the sound discretion of the *nisi prius* judge to determine whether he will compel an election at all, and if so, at what stage of the trial, particularly when the offenses charged are of the same grade and subject to identical punishment. *S. v. Switzer,* 187 N. C., 88; *S. v. Jarrett,* 189 N. C., 516. In fact the principle maintained in these and other decisions of like tenor is crystallized in the act of 1917: "When there are several charges against any person for the same act or transactions, or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses which may be properly joined, instead of several indictments the whole may be joined in one indictment in separate counts." C. S., 4622.

The fourth exception, on which the appellant chiefly insists, is addressed to the court's failure to instruct the jury that upon the evidence in the case it would be permissible to convict the prisoner of "lesser

degrees of the major offenses charged in the bill of indictment." If the court erroneously declined to give the substance of this instruction with respect to both counts, the prisoner is entitled to a new trial. Whether the evidence was such as to justify the instruction is the question to be determined.

The crime of burglary as defined at common law has been divided by statute into two degrees. If committed in a dwelling-house, or in a room used as a sleeping apartment in any building, and any person is in the actual occupation of any part of the dwelling or apartment at the time the act is done, the crime is burglary in the first degree; but if committed in a dwelling-house or sleeping apartment not actually occupied by any one at the time the act is committed, or if it be committed in any house within the curtilage of a dwelling-house or in any building not a dwelling-house, but in which is a room used as a sleeping apartment and not actually occupied as such at the time the act is committed, it is burglary in the second degree. C. S., 4232.

The crime of rape includes an assault with intent, punishable as prescribed by statute. C. S., 4205. Also, it is provided by statute that upon the trial of any indictment the person may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime. C. S., 4640.

The statute last cited is applicable to prosecutions for rape and for burglary in the first degree. There are no degrees in the crime of rape; but in proper cases the person charged in an indictment may be acquitted of the capital felony and convicted of a less degree of the same crime, or of an attempt to commit either the crime charged or a less degree of the crime charged. The term "proper cases" is used to indicate those instances in which the law and the facts would warrant a conviction of the lesser offense or of an attempt to commit it.

This Court has repeatedly disapproved the theory that the degree of guilt may arbitrarily be determined in the discretion of the jury without regard to the facts in evidence. The jury, having "no discretion against the obligation of their oath," should never award a verdict independently of all proof. *S. v. Fleming,* 107 N. C., 905. The primary object of a verdict is to inform the court as to how far the facts established by the evidence conform to those which are alleged or charged and put in issue. If neither the specific act charged nor a lesser degree thereof nor an attempt to commit either of them is supported by proof, neither the principal nor the subordinate act can properly be made the basis of an affirmative verdict. In *S. v. Johnston,* 119 N. C., 883, the prisoner requested an instruction "that when the crime charged

in the bill of indictment is burglary in the first degree the jury may render a verdict in the second degree if they deem it proper to do so." The prayer was denied and on appeal the Court said: "Shields, a witness for the State, testified that at the time of the burglary he and his wife and daughter were occupying rooms in the house; that he was sleeping in a room on the first floor and his wife and daughter were sleeping in a room upstairs. Upon this testimony, if the jury believed it, the defendant was guilty of burglary in the first degree. There was no proof tending to show that the burglary might have been committed under circumstances which would make it burglary in the second degree under the statute. If his Honor had charged as he was requested it would have been error." So, likewise, in *S. v. Allen,* 186 N. C., 302. A verdict for a lesser degree of the crime charged is logically permissible only when "there is evidence tending to support a milder verdict," although there are decisions to the effect that if without such supporting evidence a verdict is returned for the lesser offense it will not be disturbed because it is favorable to the prisoner. *S. v. Ratcliff,* 199 N. C., 9; *S. v. Allen, supra.*

All the evidence for the State tends to show that the prisoner committed the crime of rape as charged in the indictment. It is utterly inconsistent with any related offense of which there might have been a conviction on the second count. The evidence supporting the assault supports also the capital felony; for the assault can be severed from the graver crime and treated as a minor offense only by an analysis of the evidence which is unreasonable and unwarranted.

There is no evidence in contradiction of the prosecutrix except that of an alibi. According to her testimony, which contains a full recital of the crime, the prisoner was guilty of rape; according to his own evidence he was guilty of no offense. There is no aspect of the case that would justify a verdict merely of a simple assault or an assault with intent, and refusal to instruct the jury in reference to the lesser offense did not constitute reversible error. *S. v. White,* 138 N. C., 704; *S. v. Kendall,* 143 N. C., 659.

This familiar principle has often been applied—particularly to cases of homicide in which it was held that the prisoner was guilty of murder in the first degree or not guilty. *S. v. Rose,* 129 N. C., 575; *S. v. Dixon,* 131 N. C., 808; *S. v. Spivey,* 151 N. C., 676; *S. v. Walker,* 170 N. C., 716; *S. v. Wiggins,* 171 N. C., 813; *S. v. Wiseman,* 178 N. C., 784.

The two counts in the indictment charge the prisoner with burglary in the first degree and rape. Each crime is a capital felony, and on each count the prisoner was convicted. If there is any phase of the evidence relating to the charge of burglary in which the jury would

have been justified in returning a verdict for a lesser offense there is none with respect to the charge of rape. Where a general verdict of conviction is rendered on an indictment containing several counts judgment may be pronounced on each; *a fortiori* may it be pronounced where there is a separate verdict on each count. *S. v. Mills,* 181 N. C., 530.

We must not be understood to intimate that there is any merit in the prisoner's position in reference to the count for burglary, but if there is, the verdict returned on the count for rape justifies and sustains the judgment of the court. We find

No error.