## STATE v. ARTHUR SPAIN.

(Filed 4 November, 1931.)

**1. Criminal Law E d—Statement of solicitor that he would not ask for conviction on higher count has effect of nolle prosequi thereon.**

The statement of the solicitor at the trial of an indictment for burglary in the first and second degree that he would not ask for a conviction on the count charging the higher degree of the crime has the effect of a *nolle prosequi* with leave on that count, and withdraws it from the case, leaving only the question of guilt of the lesser degrees of the crime.

**2. Criminal Law I 1—Where there is no evidence of guilt of less degree of crime nonsuit on count charging less degree should be entered.**

The principle upon which a defendant may be convicted upon a less degree of the same crime charged in the bill of indictment applies only where there is evidence of guilt of the less degree, and where burglary in the first and second degree is charged in the indictment, and the question as to guilt on the count charging the first degree of the crime is withdrawn, and the evidence shows that the dwelling-house was occupied at the time the alleged crime was committed, the evidence does not support the charge of second degree burglary, and the defendant's motion for the judgment as of nonsuit on that count should be allowed, C. S., 4643, *Semble:* under the provisions of C. S., 4640, the case could have been submitted to the jury on a charge of breaking into or entering a dwelling-house other than burglariously with intent to commit a felony or other infamous crime therein, contrary to the provisions of C. S., 4235.

APPEAL by defendant from *Frizzelle, J.,* at May Term, 1931, of DURHAM.

Criminal prosecution tried upon an indictment in which it is charged that the prisoner did, about the hour of 12 o'clock on the night of 29 April, 1931, with force and arms, at and in the county of Durham, feloniously and burglariously break and enter the dwelling-house of one Mrs. S. P. Arrington, then and there actually occupied by the said Mrs. S. P. Arrington and others, "with intent the goods and chattels of the said Mrs. S. P. Arrington and others in the said dwelling-house then and there being, then and there feloniously and burglariously to steal, take and carry away, against the peace and dignity of the State."

There is a second count in the bill charging the felonious breaking and entry of the said occupied dwelling-house, in the night time, "with intent the goods and chattels of the said Mrs. S. P. Arrington, in the said dwelling-house then and there being, then and there feloniously and burglariously to steal, take and carry away and then and there in the said dwelling-house of the value of the goods and chattels   .   .   .

of the said Mrs. S. P. Arrington, in the said dwelling-house then and there being found, then and there feloniously and burglariously did steal, take and carry away against the peace and dignity of the State."

The following testimony of Miss Nellie McLennon was the principal evidence offered against the defendant:

"I room with Mr. and Mrs. S. P. Arrington, No. 713 Shepherd Street, where I was on the morning of 29 April. I was awakened around four o'clock in the morning with something cold clasped around my left wrist and ankle and I took my right hand to discover what the trouble was and it was a man's hand and, of course, I was not expecting a man to be in my room, and I began to scream for help. I think I was held about a minute and I called the young lady, Miss Laura Breeze, who was in bed with me to put on the light; a man was in the room; and she could not understand what was happening and I could not wake her right away, and so she finally realized something was the matter, and both of us together screamed, waked Mrs. Arrington. Mrs. Arrington, after hearing my screams came and put on the hall light and then I asked her to put on the room light and she put on the room light, and by that time no one was in the room. She went to the telephone trying to get the police station and they did not answer at first. I was looking at the window all the while and I called her. I said he is coming back, he is coming back. I raised up in the bed and talked to him at the window."

The witness further stated that the window was raised; that she saw a yellow man at the window—saw his face and head inside the screen— that it was the defendant; that she had seen him a number of times before, as he had worked around in the neighborhood for about two years. "I heard Arthur Spain lived in Mr. Christian's home for one or two years. During that time I saw him three or four times a day, because I walked by there on my way to work. I have no idea how many times I have seen him, and know his face."

When the case was called for trial, and before the jury was empanelled, the solicitor announced that the State would not ask for a verdict of more than burglary in the second degree.

The defendant demurred to the State's evidence and rested his case.

Verdict: Guilty of burglary in the second degree.

Judgment: Imprisonment in the State's Prison of not less than 25 nor more than 30 years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*B. Ray Olive and M. M. Leggett for defendant.*

STATE v. SPAIN.

STACY, C. J., after stating the case: The announcement of the solicitor that the State would not ask for a verdict of more than burglary in the second degree, was tantamount to taking a *nolle prosequi* with leave on the capital charge. *S. v. Hunt,* 128 N. C., 584, 38 S. E., 473.

It is established by the record that the dwelling-house in question was actually occupied at the time of the alleged offense. This precluded the court from submitting the case to the jury on the charge of burglary in the second degree as defined by C. S., 4232. *S. v. Smith, ante,* 494; *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605; *S. v. Allen,* 186 N. C., 302, 119 S. E., 504; *S. v. Johnston,* 119 N. C., 883, 26 S. E., 163; *S. v. Alston,* 113 N. C., 666, 18 S. E., 692.

True, it is provided by C. S., 4641, that upon an indictment for burglary in the first degree, the jury may render a verdict of burglary in the second degree "if they deem it proper so to do." But this, according to our previous decisions, does not, as a matter of law, authorize the judge to instruct the jury that such a verdict may be rendered independent of all the evidence. *S. v. Cox, ante,* 357; *S. v. Johnston, supra; S. v. Fleming,* 107 N. C., 905, 12 S. E., 131. Though it has been said that, on a trial for burglary in the first degree, a verdict of burglary in the second degree, being favorable to the prisoner, would be permitted to stand, notwithstanding evidence of occupancy of the dwelling-house at the time of the alleged crime. *S. v. Smith, supra; S. v. Allen, supra.* In the instant case, however, the defendant was not tried for the capital offense. Therefore, his motion for judgment as in case of nonsuit, made under C. S., 4643, should have been allowed so far as the charge of burglary in the second degree is concerned.

Nor is there any evidence tending to support the charge of larceny. The failure to fix the value of the goods in this count is not regarded fatally defective, as C. S., 4251, is, in terms, inapplicable to a charge of this kind.

But it seems that the case might have been submitted to the jury on the charge of breaking or entering the dwelling-house in question, other than burglariously, with intent to commit a felony or other infamous crime therein, contrary to the provisions of C. S., 4235, or of an attempt to commit such offense. *S. v. Spear,* 164 N. C., 452, 79 S. E., 869; *S. v. Fleming, supra.* It is provided by C. S., 4640, that upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime. *S. v. Ratcliffe, supra; S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Brown,* 113 N. C., 645, 18 S. E., 51.

New trial.