STATE v. JOHN C. MILLER.

(Filed 10 October, 1945.)

**1. Assault and Battery §§ 7d, 11—**

In a prosecution for assault with a deadly weapon, where the fact that defendant shot the State's witness with a pistol is not controverted, the only plea being self-defense, there is sufficient evidence for the jury.

**2. Assault and Battery §§ 7d, 13—**

When there was evidence of an assault with a deadly weapon and none of simple assault, the court properly charged the jury that they could return one of two verdicts, either guilty of assault with a deadly weapon or not guilty.

APPEAL by defendant from *Armstrong, J.,* at March Term, 1945, of WILKES. No error.

The defendant was charged with an assault with deadly weapon, to wit, a pistol, upon the person of the State's witness. There was a verdict of guilty, and from judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody and Tucker for the State.*

*Trivette & Holshouser for defendant.*

DEVIN, J. That the defendant intentionally shot the deceased with a pistol, wounding him in the thigh, was not controverted. The defendant pleaded self-defense and offered evidence tending to support his plea. However, the jury has accepted the State's view of the transaction and

has convicted the defendant of unlawfully assaulting the State's witness with a deadly weapon.

The defendant assigns error in the ruling of the court as to the introduction of certain testimony, and in the charge to the jury. We have examined each of the exceptions noted and find them without substantial merit. Since there was no evidence of simple assault, the court properly charged the jury they could return one of two verdicts, either guilty of assault with deadly weapon or not guilty. *S. v. Smith,* 201 N. C., 494, 160 S. E., 577; *S. v. Gregory,* 223 N. C., 415, 27 S. E. (2d), 140.

The evidence was sufficient to carry the case to the jury, and we perceive no ruling on the part of the trial judge which would warrant a new trial. The verdict and judgment will be upheld.

No error.