STATE v. AMOS LOCKLEAR.

(Filed 22 May, 1946.)

**1. Criminal Law § 19—**

Where upon the trial under an indictment charging burglary in the first degree, the solicitor announces he would not ask for a verdict of first degree burglary but only of second degree burglary on the indictment, it is tantamount to taking a *nolle prosequi* with leave on the capital charge.

**2. Burglary § 13b: Criminal Law § 54c—**

Where upon the trial of defendant on an indictment charging burglary in the first degree, the solicitor takes a *nolle prosequi* as to the capital charge, but all the evidence shows that the dwelling was occupied, *held:* there is no evidence of guilt of burglary in the second degree, and no charge remained in the bill of indictment to support such verdict, and defendant's motion to set aside the verdict should have been allowed. G. S., 15-170, 15-171.

**3. Criminal Law § 85a—**

Where on appeal from a verdict of guilty of burglary in the second degree, it is determined that defendant's motion to set aside the verdict should have been allowed for want of evidence of defendant's guilt of second degree burglary and want of charge of second degree burglary in the indictment, upon the new trial ordered defendant may be tried upon

the original bill of burglary in the first degree, or upon an indictment charging breaking and entering otherwise than burglariously, with intent to commit a felony or other infamous crime therein.   G. S., 14-54.

APPEAL by defendant from *Williams, J.,* at January Term, 1946, of ROBESON.

Criminal prosecution tried upon an indictment in which it is charged that the prisoner, a male person over 18 years of age, did, about the hour of twelve on the night of 25 October, 1945, with force and arms, at and in the County of Robeson, feloniously and burglariously break and enter the dwelling house of one Joe Chavis, then and there occupied by Alice Chavis, wife of Joe Chavis, "with the felonious intent the goods and chattels of the said Joe Chavis, in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away, against the peace and dignity of the State, and did feloniously and burglariously break and enter the said dwelling house, of Joe Chavis, as aforesaid, with the felonious intent then and there in said dwelling house, to rape, ravish, and carnally know the said Alice Chavis, a female person, violently, forcibly and against her will, contrary to the form of the statute in such case made and provided, and against the dignity of the State."

When the case was called for trial the solicitor announced that he would not ask for a verdict of first degree burglary, but would only ask for second degree burglary on the indictment.

The evidence tends to support the allegations of the bill.   Alice Chavis testified that she and her three children were sleeping in the bedroom next to the kitchen; that the screen door was latched and the door closed; a lamp on the kitchen table was left burning.   "When I woke up this Amos Locklear, the defendant, was sitting in there right by my bedside . . ., he had the lamp in one hand and a pistol in the other . . ., I hollered for my little girl . . . he hopped over in the bed on me . . . the pistol fired . . . and the ball went out through the side of the house." A struggle followed, another shot was fired and she managed to escape to a neighbor's house, leaving her assailant in the home.

Defendant moved for judgment as of nonsuit at the close of the State's evidence, and renewed the motion at the close of all the evidence.   Motion denied.

Verdict: Guilty of burglary in the second degree.

Defendant in apt time moved to set aside the verdict.   Motion denied and the defendant excepted.

Judgment: Imprisonment in the State's Prison for 25 years.

Defendant appealed to the Supreme Court, assigning error.

In re Collins.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*J. E. Carpenter and McLean & Stacy for defendant.*

DENNY, J.　The defendant was charged with burglary in the first degree in the bill of indictment. And when the solicitor stated that he would not ask for a verdict of first degree burglary, but would only ask for a verdict of second degree burglary on the indictment, it was tantamount to taking a *nolle prosequi* with leave on the capital charge.　*S. v. Spain,* 201 N. C., 571, 160 S. E., 825; *S. v. Hunt,* 128 N. C., 584, 38 S. E., 473.

In the case of *S. v. Jordan, ante,* 155, 37 S. E. (2d), 111, *Stacy, C. J.,* in speaking for the Court, said: "It is permissible under our practice to convict a defendant of a less degree of the crime charged, G. S., 15-170, or for which he is being tried, when there is evidence to support the milder verdict, *S. v. Smith,* 201 N. C., 494, 160 S. E., 577, with G. S., 15-171, available in burglary cases, *S. v. McLean,* 224 N. C., 704, 32 S. E. (2d), 227." But on this record there is no evidence to support a milder verdict.　Moreover, when a *nolle prosequi* was taken as to the capital charge, there remained no charge in the bill of indictment to support a verdict of burglary in the second degree.

The motion to set aside the verdict should have been sustained.

The defendant may be tried upon the original bill of burglary in the first degree, or upon an indictment on the charge of breaking and entering the dwelling house in question, other than burglariously, with intent to commit a felony or other infamous crime therein, contrary to the provisions of G. S., 14-54.　*S. v. Spain, supra; S. v. Chambers,* 218 N. C., 442, 11 S. E. (2d), 280.

New trial.