## STATE v. WOODROW BROWN.

(Filed 30 April, 1947.)

**Rape § 26: Criminal Law § 53g—**

   Where all the evidence tends to show that defendant ravished prosecutrix by force and against her will, defendant's sole defense being insanity, the trial court properly limits the jury to a verdict of guilty of rape or not guilty, and the refusal of defendant's request to submit the question of defendant's guilt of lesser offenses, is without error, there being no

evidence to support conviction of lesser degrees of the offense charged. G. S., 15-169; G. S., 15-170.

APPEAL by defendant from *Thompson, J.,* at November Special Criminal Term, 1946, of WAKE.

Criminal prosecution tried upon an indictment charging the defendant with rape.

The evidence tends to show that the prosecutrix, an unmarried woman, 59 years of age, lived alone in a nine-room house at Leesville. Her home was about a half a mile from her nearest neighbor. On the evening of 11 July, 1946, about 8:15 o'clock, the prosecutrix was alone at her home, and the defendant, a Negro man, broke into the house and tried to have sexual intercourse with her forcibly and against her will. She resisted him vigorously. Fearing that someone might hear her cries, he tried to take her out of the house through a window, failing in that he carried her out of the house through the back door. He then carried her a distance of approximately 100 yards into a pine thicket and kept her there about an hour and a half and raped her two or three times.

An examination of the prosecutrix on 12 July, 1946, by a physician, disclosed that she had bruises on her face, neck, chin and legs. She had a black eye. The examination further revealed that she had previously been a virgin but had within the past 24 or 48 hours suffered a forcible penetration with a laceration of the mouth of the vagina.

The defendant was arrested on 13 July, 1946, and confessed to the crime charged. He thereafter accompanied the officers to the house where the prosecutrix had lived, and pointed out the window where he broke into the house, and the door he broke open to get into the room occupied by the prosecutrix. He showed the officers the different rooms where he struggled with the prosecutrix, took them to the place in the woods where he said he "raped her two or three times," and further stated that she was so weak when he finished he "carried her back to the house and dropped her at the well." The defendant's oral confession, as related by three witnesses for the State, and the testimony of the prosecutrix, coincide in almost every detail as to what took place on the occasion in question. We deem it unnecessary to record the further testimony of the various witnesses.

Verdict: Guilty of rape, as charged in the bill of indictment. Judgment: Death by asphyxiation.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Harvey Jones and E. D. Flowers for defendant.*

DENNY, J. According to the uncontradicted evidence offered by the State, the defendant committed the crime of rape, as charged in the bill of indictment. The attack on the prosecutrix by the defendant was one of pitiless cruelty and brutality.

In the trial below, the defendant did not repudiate his confession or object to its admission in evidence, neither did he offer any evidence in contradiction thereof. He elected not to go upon the stand, but to rest his defense upon a plea of insanity. The defendant offered expert testimony tending to show that he was a person of low mentality. According to this testimony the defendant has the ability to differentiate between right and wrong, but does not have the ability to understand the gravity or the consequences of his acts. The State, on the other hand, offered evidence tending to show that he was a man of normal mentality.

There being no conflict in the evidence bearing on the commission of the crime, the presiding judge announced that he would charge the jury that it might render one of two verdicts, guilty of the crime of rape as charged in the bill of indictment, or not guilty. Whereupon the defendant tendered a prayer for instruction, praying that the jury be instructed that it might render one of four verdicts: Guilty of rape as charged in the bill of indictment; guilty of assault with intent to commit rape; guilty of an assault on a female, or not guilty. The prayer was refused. The defendant excepted and this exception constitutes the principal assignment of error on his appeal. Therefore, we are confronted with this question: Was the defendant entitled to the instruction requested upon the evidence adduced in the trial below? The question must be answered in the negative.

The defendant is relying upon *S. v. McLean,* 224 N. C., 704, 32 S. E. (2d), 227; *S. v. DeGraffenreid,* 223 N. C., 461, 27 S. E. (2d), 130; *S. v. Feyd,* 213 N. C., 617, 197 S. E., 171; *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605, and *S. v. Allen,* 186 N. C., 302, 119 S. E., 504. It will be noted, however, in each of the above cited cases, except *S. v. DeGraffenreid,* the appeal was from a conviction of burglary in the first degree. In such cases the statute, G. S., 15-171, provides that when the crime charged in the bill of indictment is burglary in the first degree, it is mandatory upon the judge to instruct the jury that even though the jury may find the facts "sufficient to constitute burglary in the first degree as defined by statute," the jury "may elect to render a verdict of guilty of burglary in the second degree, if they deem it proper to do so." This statute relates to indictments for burglary in the first degree only, and has no bearing on the appeal before us.

The only statutes upon which the defendant may seek relief under his exception, are G. S., 15-169 and 170. The pertinent part of G. S., 15-169, reads as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the

person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding." And G. S., 15-170, reads as follows: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a.less degree of the same crime."

It is pointed out in *S. v. DeGraffenreid, supra,* that "when under the indictment it is permissible to convict the defendant of 'a less degree of the same crime' (C. S., 4640, now G. S., 15-170), and there is evidence tending to support the milder verdict, the defendant is entitled to have the different views presented to the jury, under a proper charge, and an error in respect of the lesser offense is not cured by a verdict convicting the defendant of a higher offense charged in' the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a lesser degree of the same crime if the different views, arising on the evidence, had been correctly presented by the trial court. *S. v. Burnette,* 213 N. C., 153, 195 S. E., 356; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501." *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402. It follows, therefore, that these statutes were not intended to give to the jury the arbitrary right or discretion to convict a defendant of a lesser degree of the crime charged or of a less serious offense than that charged, if the uncontradicted evidence, as here, shows beyond a reasonable doubt that the defendant is guilty of the more serious offense charged in the bill of indictment.

In *S. v. Williams,* 185 N. C., 685, 116 S. E., 736, the appeal was from a conviction of the crime of rape. The State's evidence, if believed, clearly established the commission of the crime. The defendant admitted having sexual intercourse with the prosecuting witness, but testified it was with her consent. The testimony was also conflicting in other respects. Therefore, upon appeal this Court held that the jury should have been instructed that it might return a verdict of guilty of a lesser offense than that charged in the bill of indictment.

In the case before us, there is no conflict in the evidence as to the commission of the acts which constituted the crime charged in the bill of indictment. The defendant's plea of insanity was fully and fairly presented to. the jury in a charge free from error. The plea was rejected by the jury.

The exceptions to the charge of the court as a whole, and to the refusal of the court to set aside the verdict and grant a new trial, are without merit. None of the remaining seventeen assignments of error were brought forward in the brief, and will be treated as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 563.

The ruling of the court below in declining the requested instruction must be upheld. Such ruling is in accord with the decisions of this Court when all the evidence tends to show the defendant is guilty of the more serious offense charged in the bill of indictment. *S. v. Ratcliff, supra; S. v. Jackson, supra; S. v. Ferrell,* 205 N. C.., 640, 170 S. E., 186; *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Sawyer,* 224 N. C., 61, 29 S. E. (2d), 34.

In the trial below, we find