STATE OF NORTH CAROLINA v. CHARLES DEWEY PEEDEN AND MARSHALL JOSEPH JARVIS.

(Filed 12 January, 1968.)

**1. Criminal Law § 30—**

　　A solicitor has the authority to prosecute a defendant for a lesser included offense.

**2. Courts § 9; Criminal Law § 153—**

　　A Superior Court judge is without authority to vacate an order of another Superior Court judge to the effect that a defendant had abandoned

his appeal, since any error in the first judgment could only be corrected by the Supreme Court.

SHARP, J., did not participate in this decision.

ON *certiorari* to review trial, conviction and sentence imposed at the August 8, 1960 Criminal Term, GUILFORD Superior Court, Greensboro Division.

The record before us discloses that Charles Dewey Peeden and Marshall Joseph Jarvis were indicted, tried, convicted, and sentenced to prison for the second degree murder of Walter Cary Washburn. At the trial, Peeden was represented by attorney Adam Younce. Jarvis was represented by attorney T. Glenn Henderson. After conviction and sentence, both defendants, through counsel, gave notice of appeal to the Supreme Court. The Judge allowed 30 days in which each should serve his case on appeal. Jarvis complied and served his case in time.

At a subsequent term, and after time for filing his case had expired, Judge Gwyn had Peeden brought into court and (in his presence) adjudged that he had abandoned his appeal and ordered commitment issued to put the prison sentence into effect.

The appeal by Jarvis was heard at the 1960 Fall Term of this Court. The decision, finding no error in the trial, is reported in 253 N.C. 562.

On November 1, 1966 Peeden filed in the Superior Court of Guilford County a petition for post conviction review, alleging that in his trial his constitutional rights were violated:

(1) His preliminary hearing before the Justice of the Peace was upon an invalid warrant;

(2) The Grand Jury having indicted him for first degree murder, the Solicitor had no legal right to amend the indictment by reducing the offense to murder in the second degree;

(3) The Court committed error in adjudging he had abandoned his appeal; and

(4) The Court failed to furnish him a transcript of his trial.

Upon the filing of the petition for review, the Superior Court, on March 30, 1967, appointed Blair L. Daily as counsel to represent the petitioner. After hearing, the Court held the petitioner's constitutional rights had been violated by failure to appoint counsel to perfect his appeal. The court ordered (1) the County to furnish a transcript of the trial, and (2) the order dismissing the appeal be

vacated and the appeal to this Court be perfected by his present attorney. Pursuant to our order, the transcript of the trial and assignments of error were filed here at this term and argued on November 21, 1967.

*T. W. Bruton, Attorney General; Harry W. McGalliard, Deputy Attorney General, for the State.*
*Blair L. Daily for defendant appellant.*

HIGGINS, J. The defendant's jury trial, about which he complains, was held in August, 1960. Upon failure of the defendant (represented by counsel) to perfect his appeal, Judge Gwyn, in term, and in the presence of the defendant, adjudged he had abandoned the appeal and ordered that commitment be issued to enforce the judgment. That order was not challenged until July 7, 1966 when the defendant filed the petition for post conviction review. We doubt the authority of one Superior Court Judge to reverse another Superior Court Judge holding an appeal had been abandoned. It would seem error, if committed, could only be corrected by this Court. In view of the particular background of this case, we granted *certiorari* and have reviewed the entire record. According to the testimony of Officer Jones, Peeden stated soon after the fight (referring to the deceased Washburn and his companion Eagle), "I cut the hell out of both of them. . . ." The defendants were tried upon a Grand Jury indictment. Hence, any defects in the preliminary hearing are without significance. The Solicitor has power to try for a lesser included offense. *State v. Miller*, 272 N.C. 243. After review, we are unable to find in the record any error of law committed by the trial court.

No error.

SHARP, J., having presided at the trial in 1960, did not participate in this decision.