STATE OF NORTH CAROLINA v. JUNIOR ALLEN

No. 69

(Filed 10 June 1971)

1. **Burglary and Unlawful Breakings § 1— distinction between first and second degree burglary — occupancy of dwelling house**

    The only distinction between first and second degree burglary is the element in first degree burglary requiring that the dwelling house be actually occupied at the time of the breaking and entering. G.S. 14-51.

2. **Criminal Law § 30— solicitor's election to try defendant on lesser degrees of the offense — effect of the election**

    When the solicitor elects not to try the defendant on the maximum degree of the offense charged but to try defendant for the lesser degrees of the offense, the effect of the solicitor's election is that of a verdict of not guilty upon the maximum degree.

3. **Burglary and Unlawful Breakings § 3; Criminal Law § 30— solicitor's election to try defendant for second degree burglary**

    In a prosecution on indictment charging defendant with first degree burglary, the solicitor's announcement in open court that he would seek no verdict greater than burglary in the second degree, *held* proper.

4. **Criminal Law § 30; Burglary and Unlawful Breakings § 3— trial for second degree burglary — objection to verdict**

    Where a defendant charged with first degree burglary failed to object to the solicitor's election to seek a verdict no greater than second degree burglary, the defendant could not thereafter attack the verdict of second degree burglary on the ground that all the evidence tended to show his guilt of first degree burglary.

5. **Burglary and Unlawful Breakings § 3— solicitor's election to seek verdict of second degree burglary — effect**

    Solicitor's election to seek a verdict no greater than second degree burglary was in effect a stipulation that the dwelling house was not actually occupied at the time of the breaking and entering.

6. **Criminal Law §§ 30, 104— solicitor's election to try defendant on lesser degrees of the offense — consideration of evidence**

    When the solicitor announces that he will not seek a conviction upon the maximum degree of the crime charged in the indictment, and the defendant interposes no objection to being tried on the lesser degree of the offense, the sufficiency of the evidence to support a conviction of the lesser degree must be measured by the same standards which would be applied had the indictment charged only the lesser degree of the offense.

ON *certiorari,* pursuant to the petition of the defendant, to review the judgment of *Bailey, J.,* at the 19 October 1970 Criminal Session of JOHNSTON.

The defendant, having given in open court notice of appeal to the Supreme Court, but having failed to perfect his appeal within the time allowed therefor, petitioned for *certiorari,* which petition was allowed for consideration of the matter by the Supreme Court as upon appeal.

The defendant was charged under an indictment, proper in form, alleging, in substance, that on 3 July 1970, at about 12:30 a.m., he feloniously and burglariously broke and entered the dwelling house of Mrs. Lessie Johnson, then actually occupied by Mrs. Johnson, with intent to steal a television set, the property of Mrs. Johnson. A second count, not involved in this appeal, charged the defendant with stealing, feloniously and burglariously, from the dwelling of Mrs. Johnson, a described television set belonging to her.

When the matter came on for trial, prior to the taking of any testimony, the solicitor announced that he would not try the defendant for first degree burglary but for burglary in the second degree. The record shows no objection or exception interposed by the defendant at that time. The presiding judge thereupon caused the record to show that, prior to the arraignment, the solicitor so announced in open court in the presence of the defendant and his attorney. Thereupon, the solicitor arraigned the defendant by reading the bill of indictment, to which the defendant, through his counsel, entered a plea of not guilty. At this point the record shows an exception, which is the basis of the present appeal, but it does not appear that the defendant interposed any objection or took his exception in open court at that time.

The trial proceeded as a trial upon the charge of burglary in the second degree. The court, in its charge to the jury, read the bill of indictment and told the jury that it charged the crime of burglary in the first degree, but the State, through the solicitor, had announced that it would seek no verdict greater than burglary in the second degree, to which offense the defendant had entered a plea of not guilty. To this the defendant also excepts, the record not showing any objection interposed at the time the instruction was given.

State v. Allen

The court then instructed the jury that it might find the defendant guilty of burglary in the second degree, guilty of felonious breaking or entering, guilty of nonfelonious breaking or entering or not guilty, and gave instructions as to the elements of each such offense. To these instructions the defendant does not except.

The jury found the defendant guilty of burglary in the second degree. Thereupon, the court sentenced him to imprisonment for life.

Mrs. Johnson did not testify. Her son testified as a witness for the State to the following effect:

He was at his mother's home on the night of 2 July 1970, leaving about 10 p.m. Just before he left, his mother, 87 years of age, went to bed. No one else was in the house when he left it. He and his mother had been watching television and when he left the house, he turned off the set, leaving two lights on according to custom. The doors to the house were not locked. The next morning he returned to the house about 7:30 a.m. The television set was gone. He found no broken window and no door open. He observed footprints leading to his mother's door and then returning to and across the road. These prints were of boot tracks showing "heavy set knobs" which had sunk down into the dirt, making good prints.

The tracks led to the room in a labor camp where the defendant lodged. The television set taken from his mother's home was found in the woods approximately 100 yards from the labor camp, covered with brush, leaves and a pair of pants. It was identified and introduced in evidence.

Agent O'Daniels of the State Bureau of Investigation testified that the defendant told him the defendant entered Mrs. Johnson's home by merely turning the knob of the unlocked door, opening the door and entering one room from which he removed and carried away the television set; that he took the television set to a wooded area in the rear of the migrant camp where he was then residing and that at the time he was wearing the boots with "knotty holes" on them. No exceptions relating to the admission of evidence are brought forward in the defendant's brief on appeal.

*Attorney General Morgan and Assistant Attorney General Myron C. Banks for the State.*

*W. Kenneth Hinton for defendant appellant.*

LAKE, Justice.

The sole question raised by the defendant in this Court is thus stated in his brief: "Did the trial court commit error by placing the defendant on trial for burglary in the second degree when all the evidence tended to show burglary in the first degree?"

The defendant thus brings forward into his brief only his Assignment of Error No. 1. This assignment is directed to his Exceptions Nos. 1 and 8. Exception No. 1 is to the direction by the court that the record show that, prior to arraigning the defendant, the solicitor announced, in open court and in the presence of the defendant and of his attorney, that he would seek no verdict greater than burglary in the second degree, and to the subsequent arraignment of the defendant by reading the bill of indictment to which the defendant entered a plea of not guilty. Exception No. 8 was to the court's statement in its charge to the jury that the State had announced it would seek no verdict greater than burglary in the second degree, to which offense the defendant entered a plea of not guilty. The defendant's Assignments of Error Nos. 2, 3 and 4 are, therefore, deemed abandoned. Rule 28 of the Rules of Practice in the Supreme Court.

[1] The bill of indictment returned by the grand jury charged all of the elements of burglary in the first degree. Consequently, it necessarily charged all of the elements of burglary in the second degree plus the additional allegation that the dwelling house in question was actually occupied at the time of the alleged breaking and entry by the defendant. This further element of actual occupancy at the time of the breaking and entering is the only distinction between the two degrees of burglary. G.S. 14-51. Thus, had there been no announcement by the solicitor, the bill of indictment would have supported a verdict of guilty of either first degree burglary or second degree burglary as the evidence might warrant. G.S. 15-170.

[2, 3] Upon the return of an indictment sufficient in form to support a conviction of the defendant of either the maximum de-

State v. Allen

gree of the offense charged, a lesser degree thereof or a lesser offense, all of the elements of which are included in the crime charged, the solicitor has the authority to elect not to try the defendant on the maximum degree of the offense charged but to put him on trial for the lesser degree thereof and lesser offenses included therein. *State v. Peeden,* 272 N.C. 494, 158 S.E. 2d 615. The effect of such election by the solicitor, announced as in this instance, is that of a verdict of not guilty upon the maximum degree of the offense charged, leaving for trial the lesser degree and the lesser included offenses. *State v. Miller,* 272 N.C. 243, 158 S.E. 2d 47; *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918. Thus, there was no error in arraigning and trying the defendant upon the charge of second degree burglary. At that stage of the proceeding, the court could not know what the evidence would tend to show. There is no merit in the defendant's Exception No. 1.

Upon the question of the occupancy of the dwelling at the time of the breaking and entering by the defendant, the evidence was to the effect that the dwelling was the home of Mrs. Johnson, 87 years of age, and that she had gone to bed shortly before her son's departure about 10 p.m. When he left there was no one in the house except Mrs. Johnson. The breaking and entering occurred about midnight. Mrs. Johnson did not testify. The statement of the defendant to the investigating officer indicates that no one was in the room which he entered, and contains no indication that he ever saw Mrs. Johnson.

While this evidence would permit the jury to draw an inference that Mrs. Johnson was in the house at the time the defendant broke and entered, it does not, even if true, compel a finding to that effect. Consequently, the question of whether the house was actually occupied at the time of the breaking and entering was for the jury, and had there been no announcement by the solicitor, it would have been necessary for the court to submit to the jury, as possible verdicts, both burglary in the first degree and burglary in the second degree, depending upon whether they found, upon this evidence beyond a reasonable doubt, that the house was or was not occupied at the time of the breaking and entering.

In *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269, the exact time of the breaking and entering was not fixed by the evidence. The evidence was that the house was unoccupied for a brief in-

State v. Allen

terval immediately before the residents therein retired for the night. Under these circumstances, this Court held there was no error in instructing the jury that if it did not find from the evidence, beyond a reasonable doubt, that the house was occupied at the time of the breaking and entering, it should find the defendant not guilty of burglary in the first degree, but it should return a verdict of burglary in the second degree if it did so find each of the elements thereof.

[4, 5] The solicitor's announcement precluded a verdict of guilty of burglary in the first degree in the present case. It was, in effect, a stipulation by the State that the house was not actually occupied at the time of the breaking and entering. The defendant, not having objected thereto at the time of the announcement, may not await the outcome of the trial and then attack the validity of the verdict that he was guilty of second degree burglary on the ground that the house was occupied and so he was guilty of the more serious crime.

Had the bill of indictment, by omitting any allegation as to occupancy of the building, charged second degree burglary only and had the evidence, as here, been sufficient to show all of the elements thereof, proof of actual occupancy of the dwelling at the time of the breaking and entering would not be a defense to the charge. In that event, the defendant would not be entitled to a judgment of nonsuit by reason of the fact that the uncontradicted testimony of the State's witness showed such actual occupancy. The reason is that such evidence of actual occupancy does not negate any element of the offense of second degree burglary. To hold otherwise would force the State, in all cases, to charge the defendant with the most serious degree of the offense and to try him therefor lest it be surprised at the trial by evidence from its witnesses stronger than it knew it had available, or be surprised by evidence of the defendant to the effect that he had committed a more serious crime than charged.

[6] When the solicitor, upon the calling of the case for trial, announces that he will not seek a conviction upon the maximum degree of the crime charged in the bill of indictment, and the defendant interposes no objection to being tried upon the lesser degree of the offense, the sufficiency of the evidence to support a conviction of the lesser degree must be measured by the same

---

State v. Allen

---

standards which would be applied had the bill of indictment charged only the lesser degree of the offense.

The defendant relies upon *State v. Spain*, 201 N.C. 571, 160 S.E. 825, and *State v. Locklear*, 226 N.C. 410, 38 S.E. 2d 162. In the Spain case, the indictment charged burglary in the first degree. When the case was called for trial, the solicitor announced that the State would not ask for a verdict of more than burglary in the second degree. The evidence, thereafter introduced, showed the house was occupied at the time of the breaking and entering. The defendant was convicted of burglary in the second degree. He was granted a new trial, the court holding that his motion for judgment as of nonsuit as to the charge of burglary in the second degree should have been granted for the reason that proof of actual occupancy precluded the trial court from submitting the case to the jury upon the charge of burglary in the second degree. The court said that the case might have been submitted to the jury on the charge of breaking or entering other than burglariously or on the charge of an attempt to commit such offense. ·

In *State v. Locklear, supra,* the indictment charged burglary in the first degree. When the case was called for trial, the solicitor announced that he would ask only for a verdict of guilty of second degree burglary. The evidence subsequently introduced, and uncontradicted, was that the prosecutrix was asleep in the dwelling at the time of the breaking and entering and was attacked therein by the defendant. The verdict was guilty of burglary in the second degree. On appeal it was held there was no evidence to support a milder verdict than that of burglary in the first degree and, as the result of the solicitor's announcement, "there remained no charge in the bill of indictment to support a verdict of burglary in the second degree." A new trial was granted, the court saying that the defendant might be tried upon the original charge of burglary in the first degree or on the charge of breaking and entering other than burglariously.

In *State v. Spain, supra,* upon which *State v. Locklear, supra,* relies, the court cited as authority for its decision *State v. Smith*, 201 N.C. 494, 160 S.E. 577; *State v. Ratcliff*, 199 N.C. 9, 153 S.E. 605; *State v. Allen*, 186 N.C. 302, 119 S.E. 504; *State v. Johnston*, 119 N.C. 883, 26 S.E. 163; and *State v. Alston*, 113 N.C. 666, 18 S.E. 692. These and numerous other decisions of this Court are to the effect that a conviction of the maximum de-

State v. Allen

gree of the offense, for which the defendant was indicted and tried, will not be disturbed because of his contention that the trial court failed to instruct the jury as to a lesser degree of the offense, or failed to instruct them that they might return a verdict of guilty of such lesser degree, or expressly withheld from their consideration a verdict of guilty of such lesser degree. See also: *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545; *State v. Brown,* 227 N.C. 383, 42 S.E. 2d 402; *State v. Cox,* 201 N.C. 357, 160 S.E. 358; *State v. Spivey,* 151 N.C. 676, 65 S.E. 995.

Where, for example, as in *State v. Smith, supra,* upon a trial under an indictment for first degree burglary, there being no announcement by the solicitor of his intent to seek a milder verdict, the prosecuting witness testifies that the defendant broke and entered her dwelling house in the nighttime and assaulted and raped her therein and the defense is alibi, to instruct the jury that it might return a verdict of second degree burglary is simply to invite a compromise verdict. So, also, where the uncontradicted evidence is that the deceased was murdered by poison, there is no basis for a verdict of second degree murder or manslaughter. See *State v. Spivey, supra,* at page 685.

These decisions are not authority for the proposition that when the State, either through a bill of indictment as returned by the grand jury or through the election of its solicitor to seek a lesser verdict, brings the defendant to trial on a lesser degree of the offense charged, the case cannot be submitted to the jury if the uncontradicted evidence, as thereafter developed, shows the defendant is guilty of the more serious degree of the crime.

Insofar as the decisions in *State v. Spain, supra,* and *State v. Locklear, supra,* are in conflict with the views herein expressed, we deem them to be unsupported by the authorities therein cited and erroneous. They are, therefore, hereby overruled.

For the reasons above stated, there is no merit in the defendant's Exception No. 8. The court properly submitted to the jury the guilt or innocence of the defendant upon the charge of burglary in the second degree.

No error.