960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donald Patrick CLEMENTS, Defendant-Appellant.
 No. 91-5813.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 23, 1992
Decided: April 16, 1992
 
 Ronald D. McSwain, Boose & McSwain, Fayetteville, North Carolina, for Appellant. Margaret P. Currin, United States Attorney, Thomas W. Dworschak, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Donald Clements was convicted by a jury of burglary, larceny, trespass, communicating threats, and assaulting an officer. He was sentenced to a total of ninety-six months imprisonment. On appeal, Clements contends that the evidence was insufficient to sustain his burglary and communicating threats convictions, and that his convictions for trespass, larceny, and burglary are multiplicitous. Further, Clements alleges that the district court made several errors in sentencing him. We find no merit to Clements's allegations; consequently we affirm his convictions and sentencing.
 
 
 2
 * On September 13, 1990, at approximately 6:45 p.m. Celeste Brown left her home on Fort Bragg, North Carolina. When she returned around 8:15 p.m. she heard unknown persons inside her home. She and her neighbor saw a black male exit her house carrying a VCR. The military police arrived and arrested Clements. Clements proceeded to threaten the arresting officers and the neighbor with death and other violence.
 
 
 3
 Clements was charged with burglary as proscribed by N.C. Gen. Stat. § 14-51 (Michie 1986),[1] felony larceny as proscribed by 18 U.S.C. § 661 (1988), trespass as proscribed by 18 U.S.C. § 1382 (1988), communicating threats as proscribed by N.C. Gen. Stat. § 14277.1 (Michie 1986), and assaulting a law enforcement officer as proscribed by N.C. Gen. Stat. § 14-33 (Michie 1986). A jury found him guilty of all five counts.
 
 
 4
 The district court sentenced Clements to eighty-four months for the burglary, sixty months for the larceny, and twenty-four months for assaulting an officer, the sentences to run concurrently. Finding that the Sentencing Guidelines did not apply to the two misdemeanor convictions, the court sentenced Clements to two six-month terms to run consecutively to the previous sentences and each other, for a total of ninety-six months imprisonment.
 
 II
 
 5
 The first issue on appeal is whether there was sufficient evidence to support Clements's burglary conviction. In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether there is substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986). The evidence must be construed in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 6
 Clements claims that the government failed to prove that the crime occurred at night, as required under North Carolina law. See N.C. Gen. Stat. § 14-51.[2] Night occurs when, "it is so dark that a person's face cannot be identified except by artificial light or moonlight." State v. Lyszaj, 333 S.E.2d 288, 295 (N.C. 1985); State v. Frank, 200 S.E.2d 169, 175 (N.C. 1973). Furthermore, the state is not precluded from establishing this element by circumstantial evidence. See State v. Ledford, 340 S.E.2d 309, 315 (N.C. 1986).
 
 
 7
 The crime occurred between 6:45 p.m. and 8:15 p.m. on September 13, 1990. Several witnesses testified that it was dark that day around 7:00 p.m. A neighbor of the victim testified that he could only identify the assailant due to the artificial lights on the houses. In addition, defense counsel introduced evidence showing that the sun set at 7:27 p.m. on the day in question. The only evidence indicating it was not night was testimony of the victim indicating that she could see the color of cars by natural light when she arrived home at 8:15 p.m.
 
 
 8
 Taken in the light most favorable to the government, this evidence was sufficient to support the jury's finding that it was night at the time the crime occurred.
 
 III
 
 9
 Clements also challenges the sufficiency of the evidence supporting his conviction for communicating threats. The standard of review is, again, whether there is substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d at 218. Clements contends that the government failed to establish that a reasonable person would believe the threats would be carried out.[3] See N.C. Gen. Stat. § 14-277.1. After being handcuffed and found weaponless, Clements threatened to have his friends kill the arresting officers Sergeant Smith and Sergeant Roche and Ms. Brown's neighbor, Sergeant Bickford. He also threatened to kill Sergeant Smith himself and harm Sergeant Smith's girlfriend. Sergeant Smith testified that he believed Clements meant his threats due to the look in his eyes when he made them. In addition, after threatening to spit in Smith's face, Clements did in fact spit in the face of another military police officer. Construing this evidence in a light most favorable to the government, it was sufficient to support the jury's verdict.
 
 IV
 
 10
 Clements's last issue attacking his trial proceedings is that his punishment for trespass is multiplicitous to his punishments for burglary and larceny, in violation of the Double Jeopardy Clause.
 
 
 11
 In the absence of clear legislative intent to allow cumulative punishments in connection with a statute, cumulative punishments in the same prosecution are unconstitutional unless the offenses constitute separate crimes. Missouri v. Hunter, 459 U.S. 359, 366 (1983). To determine if there are two distinct offenses, we examine "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 12
 The trespass statute under which Clements was convicted, 18 U.S.C. § 1382,[4] requires proof that the violator go upon a military installation with knowledge or notice that such entry is impermissible. United States v. Bonilla, 648 F.2d 1373, 1378 (1st Cir. 1981). Neither the burglary statute[5] nor the larceny statute[6] requires proof of these facts. Therefore, we find that these statutes do not constitute one offense and punishments for violation of each statute are proper.
 
 V
 
 13
 Clements raises four challenges to the sentencing phase of his trial. Clements first contends that the district court erred in imposing the mandatory minimum required by North Carolina law for his burglary conviction. Sentences for violations of state statutes assimilated pursuant to 18 U.S.C. § 13 must fall within the minimum and maximum terms established by state law. United States v. Young, 916 F.2d 147, 150 (4th Cir. 1990). See also United States v. Garcia, 893 F.2d 250, 252 (10th Cir. 1989), cert. denied, 58 U.S.L.W. 3628 (U.S. 1991) (federal court must apply state mandatory minimum sentence under the guidelines). The district court did not err in applying the state mandatory minimum sentence.
 
 
 14
 Clements's second claim is that the district court improperly enhanced his offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We need not resolve this issue because the error, if any, was harmless. The maximum amount of imprisonment Clements could have received with the enhancement was forty-six to fifty-seven months. Because the district court had to impose the state mandatory minimum sentence of eighty-four months on the burglary charge, irrespective of the Sentencing Guidelines range, the enhancement had no effect on the overall length of the sentence.[7]
 
 
 15
 The third argument put forth by Clements is that his sentences for trespass and communicating threats ought to run concurrently, not consecutively, with his other sentences. The determination as to whether misdemeanors should run consecutively or concurrently is within the discretion of the district court, and should only be overturned if it constitutes an abuse of that discretion. United States v. Gibson, 896 F.2d 206, 210 (6th Cir. 1990).
 
 
 16
 Clements's convictions for trespass and communicating threats are misdemeanor convictions which are not covered by the sentencing guidelines because Clements could not receive more than six-months imprisonment. U.S.S.G. § 1B1.9, comment. (n.1). See also 18 U.S.C. § 1382 and N.C. Gen. Stat. § 14-277.1. The application notes in the Sentencing Guidelines provide that sentences for these convictions may run concurrently or consecutively. U.S.S.G.s 1B1.9, comment. (n.2). Based on Clements' past criminal record and the recommendation of the probation officers, the district court did not abuse its discretion in imposing consecutive sentences.
 
 
 17
 The last sentencing issue raised by Clements is an objection to the district court's refusal to make a downward departure of his offense level. A refusal by the district court to make a downward departure under the guidelines is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).
 
 
 18
 Accordingly, for the reasons stated previously, we affirm Clements's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 All state statutes were prosecuted pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 (1988)
 
 
 [2]
 Clements does not challenge the sufficiency of the evidence as to the other elements of burglary
 
 
 [3]
 As with the previous issue, Clements does not challenge the sufficiency of the evidence to support the other elements of the offense
 
 
 [4]
 The statute provides, Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation;
 ... Shall be fined not more than $500 or imprisoned not more than six months, or both.
 18 U.S.C. § 1382.
 
 
 [5]
 The elements of burglary under the statute are, a breaking and entering, of the dwelling or sleeping apartment of another, during the nighttime, with the intent to commit a felony therein. See N.C. Gen. Stat. § 14-51; State v. Allen, 181 S.E.2d 453 (N.C. 1971)
 
 
 [6]
 The statute provides, Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal, or purloin, any personal property of another shall be punished
 18 U.S.C. § 661.
 
 
 [7]
 Clements's sentences for burglary, larceny and assaulting an officer run concurrently