STATE v. ELKANY HATHAWAY.

(Filed 4 March, 1909.)

**Larceny—Conviction—Evidence Insufficient.**

> Indictment for larceny of fish from a "fish slide." The evidence for the State tended to prove that the owner of a fish slide gave permission to defendant to fish the slide until repaired, and that such permission had not been revoked: *Held*, error to refuse an instruction that there was no evidence of felonious intent and that the jury should acquit.

ACTION tried before *W. R. Allen, J.,* and a jury, at August Term, 1908, of NASH, for the larceny of fish.

The defendant was convicted, and from the judgment of the court appealed.

*Attorney-General* for the State.
*Austin & Grantham* for defendant.

BROWN, J.  The defendant stands convicted of the larceny of three fish, the property of William Boothe, taken on 28 April, 1908, from a "slide," located below the falls of Tar River, on the property of the Rocky Mount Mills.  The slide belonged to one Crusenberry, who told Boothe that "he might have all the fish he could get on it."  The slide has not been repaired or used by Crusenberry during the year 1908, as the superintendent of the mill would not permit its repair.

Jim Crusenberry, for the State, testified that he owned the "slide" and got William Boothe to fish it for him on half shares during the year 1907, while he moved away; that he moved back the first of the year 1908 and expected to fish it himself, but moved away later, before the fishing season began; that he told Boothe when the fishing season came in he would come back and repair the slide, and would get him to fish it again after that, and that until the slide was repaired he (Boothe) might have all the fish he could get from it; that he told him that he had heard that Mr. Ferguson would not permit the slide to be repaired, and that he did not think it would catch unless it was repaired; that some time early in April, not knowing

that Boothe and Williams had repaired the slide, so that it would catch fish, he told the defendant that he considered the slide public plunder. He also stated to the defendant at that time that if Mr. Ferguson allowed it to be repaired he would then give Boothe permission to fish it again.

The defendant does not deny that he got fish from the slide on 28 April, 1908, but contends, and the entire evidence tends to show, that he had the same right to fish that Boothe had.

Crusenberry had told both the prosecutor and the defendant, according to the State's own evidence, in effect, that they might have whatever fish they could get from the slide. The right to fish the slide, under contract claimed by Boothe, expired with the year 1907, and whatever right to fish it he had during 1908 was not an exclusive right, but in common with the defendant. The owner of the slide had told defendant that the slide was open to the public and that he had practically abandoned it.

The defendant requested the court to charge the jury that there was no sufficient evidence of ownership in Boothe or of felonious intent upon the part of defendant. In refusing such prayer there was error.

New Trial.