STATE v. ERNEST FEYD.

(Filed 25 May, 1938.)

**1. Burglary § 9—**

Evidence in this case *held* sufficient to be submitted to the jury on charge of burglary in the first degree.

**2. Burglary § 10c: Criminal Law § 53d—Evidence held to require submission of question of guilt of lesser degrees of the crime charged.**

The State's evidence tended to show that defendant broke and entered the dwelling house in question at night while same was occupied as a sleeping apartment, stole some money and ran when the female occupant discovered him and screamed. Defendant contended, upon supporting evidence, that at the time he was too drunk to know where he was or what he was doing. The court instructed the jury that defendant might be convicted of burglary in the first degree, or of burglary in the second degree, if they found that the room was unoccupied, but if they found defendant was too drunk to form felonious intent they should return a verdict of not guilty. *Held:* The instruction required the jury to find the defendant guilty of burglary in the first degree or not guilty, since there was no evidence that the room was unoccupied, and defendant is entitled to a new trial for error of the court in failing to instruct that defendant might be found guilty of breaking and entering otherwise than burglariously, C. S., 4235, or of an attempt to commit the offense. C. S., 4640.

**3. Criminal Law § 81c—**

Error in failing to submit the question of defendant's guilt of lesser degrees of the crime charged is not cured by a verdict of guilty as charged in the indictment.

**4. Criminal Law § 81d—**

When a new trial is awarded on one exception, other exceptions relating to matters not likely to arise on the subsequent hearing need not be determined.

APPEAL by defendant from *Harding, J.,* at November Term, 1937, of GUILFORD. New trial.

The defendant was convicted of burglary in the first degree, and from judgment imposing sentence of death, he appeals.

*Attorney-General McMullan and Assistant Attorney-General Willis for the State.*

*Sol Bernard Weinstein and James E. Coltrane for defendant.*

DEVIN, J. The bill of indictment charged the defendant with feloniously and burglariously breaking and entering, in the nighttime, the dwelling house of Mary E. Kinsland and Helen G. Moore in the city of

Greensboro, the house being then actually occupied by them as a sleeping apartment, and that the breaking and entry was with the intent to steal, and also to ravish the named occupants.

The defendant's motion for judgment of nonsuit was properly denied. The testimony offered at the trial was sufficient to support the charge, both of the unlawful breaking and entry and of the felonious intent in both the particulars alleged in the bill.

Miss Mary E. Kinsland testified, in substance, that she and Miss Moore occupied the same apartment, and that on the occasion alleged they went to bed about 11:30 p.m., and that the doors leading into the hallway and into their apartment were closed but not locked; that she was awakened about 4:00 a.m. by the presence of someone (later identified as the defendant) lying beside her on the bed; that she screamed and the man ran; that forty cents was missing from her pocketbook; that the man's coat, shoes and overalls were on the floor at the foot of the bed. The State also offered evidence tending to show that the defendant was found about 7:30 the same morning asleep under a bed in a house not far away, and that he had forty cents in his pocket; that he told the officers that he and another man entered the apartment through the door, looking for money, that both of them entered the apartment.

The defendant testified and offered evidence tending to show that he was in such a drunken condition on the night in question that he did not know where he was or what he was doing, and that he thought he was going home and did not remember going into any house. He denied making the statements to the officers. The State's witnesses, however, testified the defendant ran from the apartment when discovered, that he was not drunk when arrested three and a half hours later, and that the other man was not with him at the time of the entry.

The defendant, among other exceptions, assigns as error the failure of the learned judge who presided over the trial to permit the jury to consider a less degree of the crime of burglary or a lesser offense cognizable under the bill of indictment (C. S., 4640), and that he charged the jury in effect that they could only return a verdict of guilty of burglary in first degree or not guilty. While it is true the court charged the jury that if they found the dwelling house was unoccupied, they should convict the defendant of burglary in second degree, there was no evidence to support that view. All the evidence tended to show that the house was actually occupied at the time of the entry charged. But the defendant contends that there was evidence from which the jury might have found that the entry was otherwise than by a burglarious breaking, constituting the lesser offense defined by C. S., 4235, and that the jury should have been so instructed. In support of this position

defendant cites *S. v. Allen,* 186 N. C., 302, 119 S. E., 504, and *S. v. Spain,* 201 N. C., 571, 160 S. E., 825.

In the *Allen case, supra,* the bill of indictment and the facts were very similar to those in the instant case. There the evidence showed that the defendant, in the nighttime, entered the dwelling house by raising a window, and crawled under the bed of Mrs. Allen, and that she was awakened by his putting his hand on her. The defendant offered evidence that he was so drunk he did not know where he was or what he was doing. The court stated the principles of law applicable to the different phases of the evidence under the bill of indictment, as follows: "It is a well recognized rule of practice with us that where one is indicted for a crime, and under the same bill it is permissible to convict him of 'a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime' (C. S., 4640), and there is evidence tending to support a milder verdict, the prisoner is entitled to have the different views presented to the jury, under a proper charge, and an error in this respect is not cured by a verdict convicting the prisoner of the crime as charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a less degree or of an attempt if the different views, arising upon the evidence, had been correctly presented to them by the trial court. *S. v. Williams,* 185 N. C., 685, and cases there cited. The number of verdicts which the jury may render on an indictment for burglary in the first degree, under our present procedure, must be determined by the evidence and the manner in which the bill of indictment is drawn. . . . Under the last form just mentioned (charging breaking and entry with intent to commit a felony, and also charging commission of the felony), the prisoner may be convicted of burglary in the first degree, or of burglary in the second degree, depending on whether or not the dwelling house was actually occupied at the time, or of an attempt to commit either of said offenses, or he may be convicted of a nonburglarious breaking and/or entering of the dwelling house of another, under C. S., 4235, or of an attempt to commit said offense, though the State may fail to prove the commission of the felony as charged."

In *S. v. Spain, supra,* Stacy, C. J., applying the rule stated in the *Allen case, supra,* uses this language: "But it seems that the case might have been submitted to the jury on the charge of breaking or entering the dwelling house in question, other than burglariously, with intent to commit a felony or other infamous crime therein, contrary to the provisions of C. S., 4235, or of an attempt to commit such offense. *S. v. Spear,* 164 N. C., 452, 79 S. E., 869; *S. v. Fleming, supra* (107 N. C., 905). It is provided by C. S., 4640, that upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a

less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime. *S. v. Ratcliff, supra* (199 N. C., 9); *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Brown,* 113 N. C., 645, 18 S. E., 51." *S. v. Walls,* 211 N. C., 487.

In the case at bar the judge charged the jury to the effect that if the State had failed to satisfy them beyond a reasonable doubt that defendant broke and entered the room, occupied as a sleeping apartment, in the nighttime, or that he had at the time the intent to commit the felony of larceny or rape, they could not convict him; that if they found beyond a reasonable doubt that the defendant broke and entered the occupied sleeping apartment, in the nighttime, with intent to commit the felonies charged, they should convict him of burglary in first degree, but if they found the room was unoccupied, they could not convict him of burglary in first degree, but of burglary in second degree. But that if they found he was too drunk to understand what he was doing and was unable to form in his mind any purpose or intent to steal or rape, they should return a verdict of not guilty. Thus the jury was given no alternative but to return a verdict of guilty of burglary in first degree (there being no evidence whatever that the room was unoccupied) or not guilty. The charge failed to accord to the defendant the right to have the jury consider the phase of a nonburglarious entry, or of an attempt to commit the offense under the rule laid down in the *Allen* and *Spain cases, supra.* The defendant having been convicted of a capital felony, we must regard the error pointed out as material, necessitating a new trial.

As the questions presented by defendant's other assignments of error may not be raised on another trial, we deem it unnecessary to discuss them.

New trial.