STATE OF NORTH CAROLINA v. LONNIE PARRISH

No. 6815SC234

(Filed 16 October 1968)

**1. Criminal Law § 168— instructions — statement of evidence — using defendants' names interchangeably**

Although trial court in joint trial of two defendants erred in using the names of defendants interchangeably in portion of the charge summariz-

ing the evidence of the State, such error was harmless since (1) the evidence was substantially the same as to each defendant, and (2) since the court specifically instructed the jury that they were to be guided solely by their own recollection as to the evidence.

**2. Criminal Law § 168— instructions — failure to restrict considera-tion of codefendant's testimony**

In joint trial of two defendants for breaking and entering and larceny, defendant was not prejudiced by trial court's failure to charge that admissions of his codefendant implicating both defendants in the breakings were to be considered only as to the codefendant, since the court instructed the jury to that effect on at least two occasions when the codefendant's testimony was admitted.

**3. Criminal Law § 115— instructions as to possible verdicts**

In joint trial of two defendants for felonious breaking and entering, charge of trial court as to possible verdicts *is held* to have adequately instructed the jury that they could convict either or both defendants of the offense or acquit either or both defendants.

**4. Criminal Law § 119— request for special instructions**

Where the special instructions requested by defendant are not supported by the evidence, the court is not required to give such instructions either verbatim or in substance.

APPEAL from *Bowman, S.J.,* January 1968 Criminal Session of ALAMANCE Superior Court.

Defendant was tried, with Jimmy Robert Harris, under two separate bills of indictment each charging breaking and entering and larceny. Defendant entered a plea of not guilty to each count in each bill of indictment. At the end of the State's evidence, motion to quash the second count, larceny, in one of the bills was allowed. Defendant's motion for nonsuit at the end of State's evidence, renewed at the conclusion of all the evidence, was denied. The jury returned a verdict of guilty, and from the judgment entered thereon, defendant appealed.

*James E. Long for defendant appellant.*

*Attorney General T. W. Bruton by Deputy Attorney General Harry W. McGalliard for the State.*

MORRIS, J.

Defendant brings forward 11 of the 20 assignments of error set out in the record on appeal. All are addressed to the charge of the court.

[1] Assignments of error Nos. 5 and 8 relate to the court's use of

the names of defendants interchangeably in a portion of the charge. It is true that at one time, the court in recapitulating the evidence referred to defendant Parrish when, from the evidence, he obviously meant defendant Harris. The inadvertence occurred when the court was attempting to summarize the testimony of Deputy Sheriff Wilson and Deputy Sheriff George. In stating testimony of Deputy Sheriff Wilson, the court said that he testified "that he talked with defendant (Parrish) about these two break-ins, the first time at the home of (Parrish)" and that "the defendant (Parrish) then said he wanted to talk to the witness about the matter so they brought the defendant (Parrish) to the Police Station."

In summarizing the testimony of Deputy Sheriff George, the court said, "That he talked with defendant (Parrish) on October, 1967, at the defendant's home, that he advised the defendant of his Constitutional rights before asking him any questions on October 26. Afterwards, he asked the defendant Harris about the items of missing property found in the small building at the rear of defendant (Parrish's) house, that he told the defendant Harris they had a search warrant for his house and defendant Harris gave them permission to search his house. The witness George stated they found at the defendant (Parrish's) house a diving suit with a weight belt, found the spear gun, the swim fins and other missing items from the Mansfield dwelling house."

Wherever the name "Parrish" appears in parenthesis in the portions of the charge quoted above, the name apparently should have been "Harris". Defendant earnestly contends that this inadvertent use of the wrong name prejudiced defendant Parrish. The evidence discloses that the residences of both defendants were searched, that each defendant gave his permission for the search, that each defendant was warned of his constitutional rights, that the property alleged to be stolen was found at both houses. The evidence was substantially the same as to each defendant. Admittedly, the court was in error in using the name "Parrish" when the name "Harris" would have been correct. We think, however, the error was harmless. It is strikingly similar to the situation in *State v. Sinodis*, 189 N.C. 565, 127 S.E. 601, where the Court said:

> "It is conceded Jackie Mays did not testify that she had permitted Nick Zrakas to have sexual intercourse with her, and that the court below was in error in giving such as a contention of the State. Her evidence had reference to a Greek named Goss. While the statute (C.S., 564) requires the judge to state the evidence given in the case in a plain and correct manner and

declare and explain the law arising thereon, we cannot hold such a slight inadvertence for reversible error in the present record. The evidence is plenary as to the guilt of all the defendants, and it is apparent, we think, from the whole case, that the jury could not have been misled by this misstatement, which was no more than a 'slip of the tongue.' Besides, counsel for this defendant could easily have called the matter to the court's attention and the same could have been corrected then and there."

Additionally, the court specifically instructed the jury that they were to be guided solely and entirely by their own recollection as to what the evidence was or was not and were to disregard entirely anybody else's recollection.

[2]    Assignment of error No. 7 is to the failure of the court, in its summary of the evidence, to charge the jury that alleged admissions of Harris implicating him and Parrish in the break-ins were to be considered by them only as to Harris. This contention is without merit. The court had so instructed the jury on at least two occasions when the testimony was admitted. This, we think, sufficiently protected defendant, and the failure to so instruct a third time was not prejudicial error.

[3]    By assignment of error No. 9, defendant challenges the following portions of the charge of the court:

". . . and that the defendants or either of them intentionally broke and entered the said dwelling house with the intent to commit the felony of larceny as I have heretofore defined that term to you, then it would be your duty to return a verdict of guilty as charged in the first count in this bill of indictment against both or either of these two defendants.

If you do not find from the evidence and beyond a reasonable doubt it will be your duty to return a verdict of Not Guilty against either or both of the defendants; or, upon the whole evidence in the case there remains in your mind a reasonable doubt as to both or either one of these defendants' guilt, it would be your duty to give either him or them the benefit of that reasonable doubt and to acquit him or them, on the first count in the bill of indictment as to breaking and entering of the Talalah home."

"So, you are instructed if you find from the evidence and beyond a reasonable doubt that on or about the 19th day of October, 1967, in this county, the defendant Lonnie Parrish and the defendant Jimmy Robert Harris or either of these two de-

fendants without the consent of Frances Talalah took and carried away  the personal property of Frances Talalah or any part thereof named in the bill of indictment, and that either one or both of these defendants took and carried it away with the felonious intent permanently to deprive Frances Talalah of the use thereof and to convert it to defendants or either of the defendants own use or the use of some other person not entitled thereto, it will be your duty to return a verdict of guilty as to either or both of these defendants on this charge of larceny. If you are not so satisfied from the evidence and all of the evidence beyond a reasonable doubt it will be your duty to return a verdict of Not Guilty as to either or both of these defendants; or, if upon a fair consideration of all the facts and circumstances in the case you have a reasonable doubt as to both the defendants' guilt or the guilt of either of them, it will be your duty to return a verdict of Not Guilty as to either or both of the two defendants."

". . . if the State has satisfied you from the evidence and beyond a reasonable doubt that on or about the 18th day of October, 1967, the Defendants Lonnie Parrish and Jimmy Robert Harris or either of them broke or entered the dwelling house of E. L. Mansfield and further satisfied you from the evidence and beyond a reasonable doubt that valuable securities or personal property of E. L. Mansfield or other persons was contained in said dwelling house, and that the defendants or either one of them intentionally broke and entered these premises with the intent to commit the felony of larceny as I have heretofore defined that term to you, then it will be your duty to return a verdict of guilty as charged in the second bill of indictment against both or either one of these defendants on the charge of breaking and entering the dwelling house of E. L. Mansfield. If you do not so find from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of Not Guilty; or, if upon the whole of the evidence in the case there remains in your minds a reasonable doubt as to both or either one of the defendant's guilt, either one of them, it will be your duty to give him or them the benefit of that reasonable doubt and acquit him or them on the first count in this bill of indictment charging breaking or entering the premises of E. L. Mansfield."

The contention is that the trial court did not leave open the possibility of one acquittal and one conviction. On the contrary, it seems obvious that the court was very careful to instruct the jury that they

could convict either or both defendants or acquit either or both defendants.

We think that the charge of the court, when considered contextually, is free from prejudicial error.

**[4]** Defendant's remaining assignments of error are to the failure of the court to give the jury special instructions tendered by the defendant. Defendant Parrish tendered special instructions in writing in apt time and thus complied with the requirements to that extent. *State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165. He requested that the court charge, in substance, that an intent to steal property and a bona fide claim of right to take it are incompatible; that even though personal property of another is taken and carried away without right or claim of right, it is not larceny unless there is a felonious intent; that the court define abandoned property as in the prayer for instruction and instruct the jury that it "is your duty to determine whether the property at the Talalah residence was in fact abandoned by the former residents"; that abandoned property becomes subject to appropriation by the first taker who reduces it to possession; that if the State had failed to satisfy the jury that defendant Parrish broke and entered the houses but had failed to satisfy the jury that he did so with intent to commit a felony therein or other infamous crime he would be guilty of a misdemeanor and it would be their duty to return a verdict of guilty as to such misdemeanor; and if the jury be satisfied from the testimony of Jerry Hill that defendant Parrish's entry into the Talalah house was not wrongful it would be their duty to find him not guilty of the misdemeanor of wrongful entry.

If the specific instructions prayed for are not supported by the evidence, it is not error to fail to give such instructions verbatim or in substance. *State v. Bailey, supra.* There was no evidence that the property was abandoned property and no evidence that defendants had a right to enter either house. The court gave the jury clear and explicit instructions with respect to the different elements of the crime required for conviction.

Appellant has been ably represented and fairly tried. In his trial, we find

No error.

MALLARD, C.J., and CAMPBELL, J., concur.