STATE OF NORTH CAROLINA v. CHARLES EDGAR ALEXANDER

No. 7317SC238

(Filed 13 June 1973)

1. **Burglary and Unlawful Breakings § 1— elements of burglary**
Burglary consists of five elements: (1) a breaking, (2) an entry, (3) of a dwelling house, (4) in the nighttime, and (5) with the intent to commit a felony therein.

2. **Burglary and Unlawful Breakings § 5— burglary — opening of door as breaking**
In a prosecution for second-degree burglary, there was sufficient evidence of a breaking where defendant testified that he "just opened the door and went in."

3. **Burglary and Unlawful Breakings § 5— intent to steal inferred from evidence**
In a second degree burglary prosecution, the jury could find that defendant intended to commit the felony of larceny where the evidence tended to show that defendant entered a home with a "For Sale" sign in the yard in the middle of the night when the home was unoccupied but full of household goods.

ON *certiorari* to review a trial before *James, Judge,* 4 September 1972 Session of ROCKINGHAM Superior Court.

Defendant was tried on a bill of indictment charging him with second-degree burglary of an uninhabited dwelling house

on 18 March 1972. He was found guilty by a jury and sentenced to imprisonment for four to six years.

The State's evidence tended to show that the house was uninhabited, placed on the market for sale, but that the owner's household goods were still in the house. A neighbor saw, in the nighttime, a man go into the house through a window; the neighbor did not know whether that window had been open or closed prior to the entry.

The neighbor called the police, who arrived within only a few minutes of the call. One officer saw the front door begin to open and then suddenly slam shut. He entered the house and saw the defendant sitting in a chair, at which time he arrested the defendant.

*Attorney General Robert Morgan by Associate Attorney Howard A. Kramer for the State.*

*Bethea, Robinson and Moore by D. Leon Moore for defendant appellant.*

CAMPBELL, Judge.

Under G.S. 14-51 second-degree burglary is the crime as defined at the common law, except that the dwelling house must not be occupied by anyone at the time of the commission of the crime.

[1] Burglary consists of five elements: (1) a breaking, (2) an entry, (3) of a dwelling house (mansion-house), (4) in the nighttime, and (5) with the intent to commit a felony therein. *State v. Whit*, 49 N.C. 349 (1857).

Breaking is an essential element of the crime. More is required than merely the crossing of an imaginary line.

> "[T]here must be a breaking, removing, or putting aside of something material, which constitutes a part of the dwelling-house and is relied on as a security against intrusion. Leaving a door or window open shows such negligence and want of proper care as to forfeit all claim to the peculiar protection extended to dwelling-houses. But if the door or window be shut, it is not necessary to resort to locks, bolts, or nails; because a latch to the door and the weight of the window may well be relied on as a sufficient security. . . ." *State v. Boon*, 35 N.C. 244, 246 (1852).

The State must present evidence that a breaking occurred, or from which it may reasonably be inferred that the defendant broke into the dwelling. Such proof is usually accomplished by testimony showing that prior to the entry all doors and windows were closed. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967) ; *State v. McAfee,* 247 N.C. 98, 100 S.E. 2d 249 (1957) ; *State v. Feyd,* 213 N.C. 617, 197 S.E. 171 (1938) ; *State v. Walls,* 211 N.C. 487, 191 S.E. 232 (1937) ; *State v. Ratcliff,* 199 N.C. 9, 153 S.E. 605 (1930) ; *State v. Allen,* 186 N.C. 302, 119 S.E. 504 (1923) ; *State v. Johnston,* 119 N.C. 883, 26 S.E. 163 (1896).

In *State v. Johnson,* 218 N.C. 604, 12 S.E. 2d 278 (1940), the windows were open, but screens covering the windows were attached in place. In *State v. Fleming,* 107 N.C. 905, 12 S.E. 131 (1890), the windows were open, but blinds inside the house covered them.

[2] In the instant case, while the evidence for the State fails to reveal whether the window was open or not, nevertheless, the defendant, by his own statement, shows there was a breaking. The defendant testified, "I did not go in the window of the house. I went through the door. I just opened the door and went in." Thus, the defendant's own evidence supplies this element of the commission of the crime.

[3] The fifth element of burglary—the intent to commit a felony—must exist at the time of the breaking and entering. Intent, being a state of mind, is difficult to prove and ordinarily is a question for the jury to decide. In the instant case the defendant contended that he went into the house only for the purpose of looking it over to determine whether or not he would like to purchase it, since there was a "For Sale" sign in the yard. On the other hand, the State contended that a person does not usually go into a home in the middle of the night when the home was unoccupied but full of household goods unless such person had an intent to steal.

As stated in *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970) :

" '. . . Numerous cases, however, hold that an unexplained breaking and entering into a dwelling house in the night-time is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony. The fundamental theory, in the absence of evidence of other intent or explana-

tion for breaking and entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft.' "

We hold that in the instant case the evidence presented a question for the jury.

The charge of the trial court was adequate and sufficient to present the contentions of the defendant to the jury and no exception was assigned to this charge by the defendant.

We think the evidence, when considered in the light strongest for the State, presented a jury question; and the defendant has had a trial free from any prejudicial error.

No error.

Judges BRITT and BALEY concur.