STATE OF NORTH CAROLINA v. LEROY GIBSON, J. T. HARRIS
AND LAWRENCE ROBERT LITTLE, JR.

No. 755SC147

(Filed 18 June 1975)

1. Conspiracy § 7— instructions assuming conspiracy entered

In a prosecution of three defendants for conspiracy to damage
real property by the use of explosives, the trial court erred in instruct-
ing the jury that if it found that a meeting was held at the home of
one of the defendants on a certain date, it could consider against all
defendants the acts and declarations of either of the defendants which
occurred between the time of the meeting and the time of the explosion
since the instruction assumed that defendants entered into a conspiracy
at the "meeting" and failed to require such acts and declarations to
have been made by a party to the conspiracy and in pursuance of its
objectives.

2. Criminal Law § 113— joint trial — instructions — one defendant guilty
— conviction of all defendants

In a prosecution of three defendants for conspiracy to damage
real property by the use of explosives, the trial court erred in instruct-
ing the jury that it should return a verdict of guilty if it found beyond
a reasonable doubt that defendants "or some of them" agreed with an-
other or with one other of their number to damage property by explo-
sives, since the instruction could have led the jury to believe that it
should convict all defendants if it found that either defendant com-
mitted the offense charged.

ON *certiorari* to review trial before *Tillery, Judge.* Judg-
ments entered 13 July 1974 in Superior Court, NEW HANOVER
County. Heard in the Court of Appeals 16 April 1975.

Each defendant was charged in a separate bill of indict-
ment. The indictments charged that on or about the 16th and
17th day of June 1973 each defendant conspired with the other
defendants and others named in the indictments to damage real
property, owned by another, by the use of explosives.

The jury returned a verdict of guilty as charged against
all defendants. Judgments imposing active prison sentences
were entered and all defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General
Charles M. Hensey, for the State.*

*Jay D. Hockenbury, for defendant appellants Leroy Gibson
and John T. Harris; Rountree & Newton, by John Richard New-
ton, for defendant appellant Lawrence Robert Little, Jr.*

VAUGHN, Judge.

The evidence was sufficient to take the case to the jury and supports the verdicts rendered thereon. Assignments of error to the contrary are, therefore, overruled.

The apparent theory of the State's case was that Gibson, Harris, Little and another formed the conspiracy during a meeting at Gibson's home on 16 June 1973, although there was some evidence tending to show that the conspiracy may have been formed earlier.

[1] The judge instructed the jury:

"It is not necessary in a conspiracy that all of those who are involved in it become involved in it at the same moment. A conspiracy, once one is established, is an active conspiracy from the moment of its establishment until such time that the purpose of that conspiracy is accomplished or until it is abandoned.

(My reason for telling you this is to emphasize one of the things which I want you to keep foremost in your mind as you go about your deliberations. From time to time during this trial you have heard me say you will only consider this evidence against a certain defendant, whichever one I might have named, and you will not consider it as against the other two. The rule which you should apply in respect to that is this: Any act or anything which was said by either of these defendants prior to an *alleged meeting* at the home of the defendant Leroy Gibson on the 16th of June, 1973, can only be considered against the person who did it or said it. That applies to each defendant. Let me emphasize that. Anything said or done by either of these men, if you find that anything was said or done prior to an *alleged meeting* at Mr. Gibson's home, can only be considered with respect to your deliberations in the case of the man who did it or said it. I further charge you that if you find from the evidence that there was a *meeting* on the 16th of June, 1973, and each defendant by his plea of not guilty denies every material fact in this action; so you will have to find from the evidence that there *was* such a *meeting*. It is denied. If you find that such a *meeting* occurred, then everything which you find from the evidence to be the truth from that moment until an alleged explosion occurred at Riverside Apartments sometime in the night-

time of June 17th, 1973 everything between those two times may be considered by you in deliberating upon the guilt or innocence of each of the defendants irrespective of whether or not that defendant was present when that thing occurred or that thing was said.)" (Emphasis added.)

[2]  The error in this instruction is that it assumes the very fact the State was required to prove to the jury beyond a reasonable doubt. It assumes that at the "meeting" defendants made an agreement to carry out the unlawful act. Moreover,

> "Consideration of the acts or declarations of one as evidence against the co-conspirators should be conditioned upon a finding: (1) a conspiracy existed; (2) *the acts or declarations were made by a party to it and in pursuance of its objectives;* and (3) while it was active, that is, after it was formed and before it ended." *State v. Lee,* 277 N.C. 205, 213, 176 S.E. 2d 765, 769-770. (Emphasis added.)

The judge's final mandate to the jury is as follows:

> "(So I charge you that if you find from the evidence and beyond a reasonable doubt that on or about the 16th of June, 1973, Lawrence Robert Little, Jr., Leroy Gibson, or J. T. Harris, *or some of them,* or all of them, agreed with David Smith or with one other of their number to maliciously damage the property of someone else by the use of an explosive or incendiary device, and if you further find that they intended at the time the agreement was made that this damage to property at Riverside in Wilmington would be accomplished by the use of an explosive device that it would be your duty to return a verdict of guilty. However, if you do not so find or have a reasonable doubt as to any one or more of these things it would be your responsibility to enter a verdict of not guilty.)" (Emphasis added.)

We are unable, in any material way, to distinguish this instruction from those held to be so prejudicial as to require a new trial in numerous opinions of the Supreme Court where the Court said that the instruction could have led the jury to believe that the guilt of one defendant could rest or fall upon the guilt of some of the others. *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851; *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230. (Reversing on that point, *State v. Parrish,* 2 N.C. App. 587, 163 S.E. 2d 523.) The error is particularly prejudicial in conspiracy

trials of consolidated prosecutions of a number of defendants where the volume of the evidence and the complexity of the purposes for which it may be considered puts such a difficult burden on the jury. In trials for conspiracy, perhaps to a greater extent than other consolidated prosecutions, there is always the danger that a jury may tend to infer the guilt of one defendant because of his association and joint trial with others whose guilt is manifest.

We will not discuss the other errors assigned by defendants. They may not occur at the next trial.

For the reasons stated, each of the appellants are awarded a new trial.

New trial.

Judges MORRIS and CLARK concur.