STATE OF NORTH CAROLINA v. STEVE EDWARD HALL

No. 8126SC1072

(Filed 1 June 1982)

1. **Larceny § 8— abandonment of property subject to larceny—failure to instruct proper**

In a prosecution for misdemeanor larceny in which defendant was charged with taking stainless steel pots and pans from a building which had burned eight days previously, evidence that defendant observed other people in the building after the fire, along with contradictory evidence as to the physical condition of the personal property, was not sufficient to create a basis for the legitimate belief that the property had been abandoned, and the trial court properly refused to submit to the jury defendant's requested instructions that he would not be guilty of larceny if he believed the property had been abandoned.

2. **Larceny § 6— evidence of insurance on building not relevant to larceny conviction .**

In a prosecution for larceny in which defendant was charged with taking property from a burned building, the trial court did not err in refusing to permit defendant to question a witness by voir dire with respect to the insurance that he had on the building and its contents since the extent of the fire insurance obtained prior to the fire was immaterial to the issue of whether the property has any value and since the issue was substantially answered elsewhere in the evidence.

3. **Larceny § 7.3— evidence of ownership—no variance between warrant and proof**

In a prosecution for larceny the trial court did not err in denying defendant's motion to dismiss on the ground that the evidence of ownership was at variance from the allegation of ownership in the charging warrant.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 12 February 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1982.

Following a plea of guilty in District Court, defendant appealed and was tried in Superior Court for misdemeanor larceny. The State presented James P. Kaperonis who testified that he owned a place of business at 3519 Wilkinson Boulevard which is sometimes known as the Cabaret Club. On 19 October 1980 his building was damaged by fire to the extent that only the walls remained standing at the street level, with the basement level being left virtually intact. Shortly thereafter Kaperonis posted "No Trespassing" signs and secured the building by nailing plywood

over the openings on the west side leading to the basement so that the building could not be entered unless the plywood was pried off. These security measures were taken in order to protect a basement storeroom containing restaurant equipment. In the late afternoon of 27 October 1980, Kaperonis went to the Cabaret to check on the building as he had been doing twice a day. When he arrived he saw the defendant walking up the basement steps with approximately twelve stainless steel cooking and serving trays valued at $30 to $60 each. Kaperonis ordered the defendant to stop but he attempted to drive off in his car. Kaperonis fired his gun in the air and held defendant at gunpoint for twenty minutes until the police arrived. The trunk of defendant's car was found to be loaded with more trays from the storeroom and lying beside the basement door were large trays loaded with stainless steel items from the same room. Kaperonis testified that the trays were in new condition and were not dented, melted or smoke damaged in any way since the fire did not reach the storeroom where they were kept. Kaperonis stated that he never gave the defendant permission to enter his building or remove any items from it.

Defendant testified that he watched the fire at the Cabaret Club on 19 October and when he passed by at a later date, the building seemed like it had been completely destroyed and he saw people entering and exiting the building. Defendant admitted entering the building on 27 October and removing items for scrap metal. He stated that the items were either rusted or fire damaged and he thought the property had been abandoned. Defendant testified that he had gathered the property from all parts of the restaurant and did not break down the door or take off plywood to get the trays. Defendant stated that he did not notice any "No Trespassing" signs on the building.

Officer Richard M. Bumgardner testified that upon his arrival he noticed that the doors on the street level of the building had been boarded up in the past with a piece of plywood which had been torn off. He described the items in defendant's possession as being heavily damaged.

Defendant was found guilty of misdemeanor larceny. From imposition of an active prison sentence, he appealed.

*Attorney General Edmisten, by Associate Attorney Wilson Hayman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant-appellant.*

ARNOLD, Judge.

[1]   Defendant first argues that the trial judge erred in refusing to submit to the jury his requested instruction that he would not be guilty of larceny if he believed the property had been abandoned. Defendant is correct that property which has been abandoned by the owner cannot be the subject of larceny. See *State v. Hathaway*, 150 N.C. 798, 63 S.E. 892 (1909). The owner of personal property may relinquish his ownership by abandoning the property and thereafter title passes to the first person who next takes possession. The party relying on the defense of abandonment must affirmatively show by clear, unequivocal and decisive evidence the intent of the owner to permanently terminate his ownership of the disputed property. *State v. West*, 293 N.C. 18, 235 S.E. 2d 150 (1977).

We do not believe the evidence presented in this record would support an instruction on abandoned property. A mere eight days after defendant saw the building in question damaged by fire, he was found carrying away personal property from that building which had been boarded up and posted. The mere fact that defendant observed other people in the building after the fire, along with contradictory evidence of the physical condition of the personal property, is not enough to create a basis for the legitimate belief that the property had been abandoned. Where specific instructions requested are not supported by the evidence, the trial judge does not err in failing to give such instructions verbatim or in substance. *State v. Parrish*, 2 N.C. App. 587, 163 S.E. 2d 523 (1968), *rev'd on other grounds*, 275 N.C. 69, 165 S.E. 2d 230 (1969).

[2]   Defendant next contends the trial judge erred in refusing to permit him to further question James Kaperonis after cross-examination by voir dire with respect to the insurance that he had on the building and its contents in an effort to determine whether he was fully compensated for the contents, and to determine whether the contents of the building had any remaining

value after the fire. Although other grounds for error in the court's ruling are brought forward in appellant's brief, since these were not advanced during the trial to be ruled upon by the trial judge, we do not reach these arguments for decision on appeal. *State v. Wilson,* 237 N.C. 746, 75 S.E. 2d 924 (1953).

We find no reversible error in the court's ruling on the ground which was offered at trial. Defendant is correct that the better practice is for the trial judge to allow counsel to make an offer of proof when requested. *State v. Stanfield,* 292 N.C. 357, 233 S.E. 2d 574 (1977). However, where the evidence is immaterial or substantially appears elsewhere in the record, there is no prejudicial error. *State v. Chapman,* 294 N.C. 407, 241 S.E. 2d 667 (1978). The "market value" of a stolen item is the criterion used to determine the worth of personal property which was the subject of a larceny. *State v. Dees,* 14 N.C. App. 110, 187 S.E. 2d 433 (1972). Here, Mr. Kaperonis testified that the stainless steel trays found in defendant's possession had a value of $30 to $60 each. Also defendant himself introduced into evidence his former statement to the police that he had taken the pots and pans in order to sell them for scrap metal at an aluminum plant. The extent of fire insurance obtained prior to the fire was immaterial to the issue of whether the property had any value. Furthermore, this issue was substantially answered elsewhere in the evidence. We find no error in the trial judge's ruling.

[3] Defendant argues that the court erred in denying his motion to dismiss where the evidence of ownership was at variance from the allegation of ownership in the charging warrant. We do not agree. In pertinent part, the warrant read as follows:

> And on or about the 27th day of OCTOBER 1980, in the county named above, the defendant named above after having unlawfully, willfully, and feloniously broken into and entered a building occupied by THE CABARET, PRIVATELY OWNED BY JAMES P. KAPERONIS used as PLACE OF BUSINESS located at 3519 WILKINSON BLVD., CHARLOTTE, N.C. with the intent to commit the felony of larceny, did unlawfully, willfully, and feloniously steal, take and carry away STAINLESS STEEL POTS AND PANS (KITCHEN UTENSILS) the personal property of THE CABARET having a value of $200.00 dollars in violation of G.S. 14-72.

We find no fatal variance. At trial, James Kaperonis testified that he was the owner of the building called the Cabaret Club and the property inside of that building. Since the warrant states in the same sentence that the stolen goods were "the personal property of THE CABARET" and that the Cabaret was "PRIVATELY OWNED BY JAMES P. KAPERONIS [and] used as a PLACE OF BUSINESS located at 3519 WILKINSON BLVD., CHARLOTTE, N.C.," we cannot see how defendant was misled as to the ownership of the property in question or in any way hampered in his defense. *State v. Greene*, 289 N.C. 578, 223 S.E. 2d 365 (1976).

Similarly, we also find no merit in defendant's argument that the warrant was defective because it did not allege ownership in a natural person or a legal entity capable of owning property. The warrant refers to the owner of the stolen property as "the Cabaret" which was described as "privately owned by James P. Kaperonis," obviously alleging a proprietorship capable of owning property. We find no error.

No error.

Judges CLARK and WEBB concur.